Timothy I Crawley, OSB No. 122546
CRAWLEY LLP
PO Box 8931
Portland, OR 97207
Tel. 503-953-6858
Fax. 503-300-2760
tcrawley@crawleyllp.com
Of Attorneys for Maria Washington, Guardian
Conservator for the Estate of Jezahri Sumpter

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MARIA WASHINGTON, in her capacity as Guardian and Conservator for<br><br>THE ESTATE OF JEZAHRI SUMPTER, an incapacitated individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAKE OSWEGO, Lake Oswego Police Officers, DREW BOGGS, an individual and employee of Defendant City of Lake Oswego, and DOES 1 through 25,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, MARIA WASHINGTON, in her capacity as Guardian and Conservator for THE ESTATE OF JEZAHRI SUMPTER, by her attorneys, CRAWLEY LLP, and complaining of CITY OF LAKE OSWEGO, OFFICER DREW BOGGS, and other AS-YET-UNKNOWN LAKE OSWEGO POLICE OFFICERS (collectively, "Defendants"), allege as follows:

/ / /

/ / /

Page - 1

**COMPLAINT**

**Introduction**

1.     On December 21, 2019 at approximately 11:54pm, Jezahri Sumpter, a then twenty-one year old student and model employee, was tragically struck by a vehicle in the intersection of Kruse Way and Kruse Woods Drive. Mr. Sumpter's body was thrown out of the cross walk, and he landed at the edge of the roadway in the westbound lane of traffic on Kruse Way, west of the intersection. Mr. Sumpter was immediately and permanently injured upon impact and, to this day, has not recovered many of his cognitive and physical functions.

2.     Mr. Sumpter is black. The driver of the vehicle that struck him was white. Officer Drew Boggs, the investigating detective, is white.

3.     Defendant Boggs proceeded to document the circumstances surrounding the Collision, in a manner not only openly hostile to Mr. Sumpter and his position as a pedestrian in a protected crosswalk, but influenced witnesses to undermine or change their recorded statements to reflect a narrative that was hostile to Mr. Sumpter and in favor of the white driver of the vehicle that struck Mr. Sumpter.

4.     Defendant Boggs concluded his police report with a determination, contrary to raw factual data, that Mr. Sumpter "was the at-fault party." While Lake Oswego's District Attorney chose not to prosecute on Defendant Boggs' investigation, his report and findings, nonetheless created and added to the significant distress Mr. Sumpter and his family members experienced as a result of the tragedy. Defendant Boggs' investigation and his complete disregard of the facts is so overt as to allow for only one explanation – that Defendant Boggs made such conclusions based upon his racist attitude or perceptions towards Mr. Sumpter.

**Jurisdiction and Venue**

5.     This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Mr. Sumpter's rights as secured by the United States Constitution.

6.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.  Venue is proper under 28 U.S.C. § 1391(b).  The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

**COMPLAINT**

## The Parties

7.     Jezahri Sumpter is now twenty-three years-old. He resides in the City of Portland with his mother and full-time caregiver, Plaintiff Maria Washington, guardian and conservator to his estate. At the time he was maliciously accused by Defendants, Mr. Sumpter was a twenty-one-year-old film student with no criminal record.  Since that time, Mr. Sumpter has been recovering from a near fatal Collision that has robbed Mr. Sumpter of much of his cognitive and physical faculties.

8.     Defendant City of Lake Oswego is a municipal entity which employs or employed the Defendant Officer.

9.     At all times relevant hereto, Defendant Boggs was a Lake Oswego motor officer who oversaw the investigation and produced the police report that coloured Mr. Sumpter as the "at-fault" party in the Collision.

10.    Defendant Boggs is sued in his individual capacity, and he acted under color of law and in the scope of his employment in engaging in the actions alleged in this Complaint.

## Background Allegations

11.    On December 21, at or about 11:50 p.m., Mr. Sumpter was legally crossing Kruse Way walking north in the western crosswalk at Kruse Way's intersection with Kruse Woods Drive. At or about the same moment, Defendant Thompson was operating her 2009 Toyota Corolla, heading northbound on Kruse Woods Drive. As she made a left-hand turn onto westbound Kruse Way, she struck Jezahri in the crosswalk with her vehicle, causing severe traumatic injuries to Jezahri. Jezahri was transported to Oregon Health and Sciences University Hospital.

## Defendants' Misconduct

12.    Rather than continue to perform the police work necessary to properly complete an investigation, Defendant Boggs, instead, treated Mr. Sumpter, who was in a coma at the time, his mother, and family members, with undue skepticism and unjustified hostility. Specifically, Defendant Boggs unjustly singled out Mr. Sumpter, and then affirmatively endeavored to stretch and manipulate the facts and the evidence to fit the false hypothesis that

**COMPLAINT**

Mr. Sumpter had violated ORS 814.020 and 814.040 as listed in Defendant City of Lake Oswego's police report.

13. In that regard, the Defendants manufactured "evidence" that falsely implicated Mr. Sumpter. This fabrication of evidence included, but was not limited to, unlawfully manipulating a witness to falsely implicate Mr. Sumpter by means of improper suggestiveness and outright coercion, all of which violated Mr. Sumpter's constitutional rights.

14. The unlawful witness manipulation described in the preceding paragraph included coercing false and incriminating statements from Cassandra Thompson. Defendants obtained these false, incriminating statements through coercive and unconstitutional tactics, including improper psychological intimidation/pressure, and unduly oppressive conditions of confinement such that the resulting statements were neither true nor the product of the witnesses' free will.

15. In the case of Ms. Thompson, for example, Defendants pressured her to change material details from her initial description of the night of the Collision, including the direction and location of her path of travel at the time of the Collision, so as to falsely implicate Mr. Sumpter.

16. In addition to the foregoing misconduct, the Defendant Officers also disregarded and/or destroyed exculpatory evidence, to wit, crossing data, and statements by Ms. Thompson that indicated Mr. Sumpter had been crossing in the protected crosswalk.

17. The Defendant Officers also deliberately and affirmatively failed to investigate and develop information which would have helped to establish the guilt of an individual other than Mr. Sumpter. Consistent with that endeavor, Defendants unlawfully suppressed information which would have implicated Ms. Thompson and thereby exonerated Mr. Sumpter.

18. Defendants further violated Mr. Sumpter's rights by creating a sworn police report containing materially false "evidence" (*e.g.,* attributing incriminating statements to witnesses who had in fact never made these statements) which were then used to unlawfully accuse Mr. Sumpter.

**COMPLAINT**

**The Malicious Prosecution and Mr. Sumpter's Exoneration**

19.    On February 20, 2020, after determining Ms. Thompson's actions were "reasonable" and after finding Mr. Sumpter violated certain statutes, namely, ORS 814.020 and 814.040, Defendant Boggs submitted his police report to the Lake Oswego District Attorney's office, who declined to advance the case.

**Mr. Sumpter's Damages**

20.    At the time he was wrongfully accused of causing the December 21, 2019 Collision, Mr. Sumpter was a 21-year-old student without any criminal record whatsoever or any other involvement with the criminal justice system. He was a model employee at what was formerly called Sweet Tomatoes restaurant. He was independent and lived with housemates at an apartment to which he was returning on the night of the Collision, after one of his shifts at the restaurant.

21.    Notwithstanding his eventual exoneration, Mr. Sumpter's life has been ruined by the Defendants' misdeeds. As if living with serious permanent cognitive and physical disabilities were not enough to bear, Mr. Sumpter now has the added mental anguish of being painted as the cause of his misfortune, when, in fact, the cause of his injuries was a vehicle commandeered by Ms. Thompson. For one who is utilizing every ounce and fiber of his being in trying to put back together the pieces of his former life, having to do so with the undue anxiety and stress of having been painted a criminal in violation of the herein referenced statutes, all while the true at-fault parties walk without so much as a slap on the wrist, amounts to an even greater up-hill battle.

22.    Mr. Sumpter has coped the best he has been able.

**The Effect on Mr. Sumpter**

23.    The emotional pain and suffering caused by being accused of causing the Collision that took Mr. Sumpter's memory and physical abilities has been substantial. As a result of the foregoing, Mr. Sumpter has suffered almost unfathomable damages, all proximately caused by Defendants' misconduct.

/ / /

COMPLAINT

## FIRST CAUSE OF ACTION

## (42 U.S.C. § 1983 and 1985)

### Count I - Due Process

24.    Plaintiff realleges and incorporates paragraphs 1 through 23 as though fully set forth herein.

25.    As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Mr. Sumpter of his constitutional right to a fair trial.

26.    In the manner described more fully above, the Defendants deliberately ignored exculpatory evidence, as well as fabricated false reports and other evidence. Absent this misconduct, Mr. Sumpter would not have been deemed "at-fault" and in violation of the statutes listed in the police report.

27.    The Defendant Officers' misconduct also directly resulted in unjustly denying him his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

28.    As a result of this violation of his constitutional right to a fair trial, Mr. Sumpter suffered injuries, including, but not limited to, emotional distress, as is more fully alleged above.

29.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Sumpter's constitutional rights.

30.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Lake Oswego Police Department in the manner described more fully above.

### Count II - Equal Protection

31.    Plaintiff realleges and incorporates paragraphs 1 through 30 as though fully set forth herein.

32.    As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their

**COMPLAINT**

employment, denied Mr. Sumpter equal protection of the law in violation of his constitutional rights.

33.    Specifically, these Defendants actively participated in, or personally caused, misconduct in terms of abusing minority criminal suspects in a manner calculated to secure unjust convictions. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected minorities in a grossly disproportionate manner vis-a-vis similarly-situated Caucasian individuals.

34.    As a result of this violation, Mr. Sumpter suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

35.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Sumpter's constitutional rights.

36.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Lake Oswego Police Department in the manner described more fully above.

### Count III - Conspiracy to Deprive Constitutional Rights (Section 1985(3))

37.    Plaintiff realleges and incorporates paragraphs 1 through 36 as though fully set forth herein.

38.    As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Mr. Sumpter of Equal Protection of the law.

39.    In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to Mr. Sumpter.

40.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

41.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Lake Oswego Police Department in the manner described more fully in preceding paragraphs.

### Count IV -- Conspiracy to Deprive Constitutional Rights (Section 1983)

42.    Plaintiff realleges and incorporates paragraphs 1 through 41 as though fully set forth herein.

**COMPLAINT**

43.     After Ms. Thompson struck Mr. Sumpter with her vehicle, the Defendants reached an agreement amongst themselves to frame Mr. Sumpter for causing the Collision, and to thereby deprive Mr. Sumpter of his constitutional rights, all as described in the various Paragraphs of this Complaint.

44.     Independently, each of the Defendants further conspired, and continue to conspire, to deprive Mr. Sumpter of exculpatory materials to which he was lawfully entitled and which would have prevented the Lake Oswego Police Department in making an "at-fault" determination and statement relating to Mr. Sumpter's "violation" of the statutes set forth in the police report.

45.     In this manner, the Defendant Officers, acting in concert with other unknown co-conspirators, including persons who are not members of the Lake Oswego Police Department, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

46.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

47.     As a direct and proximate result of the illicit prior agreement referenced above, Mr. Sumpter's rights were violated, and he suffered severe emotional distress and anguish, as is more fully alleged above.

48.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Lake Oswego Police Department in the manner described more fully in preceding paragraphs.

## Count V - Denial of Access to Courts

50.     Plaintiff realleges and incorporates paragraphs 1 through 49 as though fully set forth herein.

51.     In the manner described more fully herein, each of the Defendants, all while acting individually, jointly, and in conspiracy, denied Mr. Sumpter the right to access to courts

COMPLAINT

by their wrongful suppression and manipulation of information and evidence which deprived Mr. Sumpter of claims against potential Defendants.

52.    Other claims were diminished by the passage of months, and the accompanying erosion of evidence necessary to prove these claims against those Defendants.

53.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

54.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Lake Oswego Police Department in the manner described more fully in preceding paragraphs.

### Count VI - Failure to Intervene

55.    Plaintiff realleges and incorporates paragraphs 1 through 54 as though fully set forth herein.

56.    In the manner described above, during the constitutional violations described above, one or more of the Defendants (and other as-yet-unknown Lake Oswego Police Officers) stood by without intervening to prevent the misconduct.

57.    As a result of the Defendant Officers' failure to intervene to prevent the violation of Mr. Sumpter's constitutional rights, Mr. Sumpter suffered pain and injury, as well as emotional distress. These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

58.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Sumpter's constitutional rights.

59.    The misconduct described in this Count was undertaken pursuant to Lake Oswego's policy and practice in the manner described in preceding paragraphs.

### SECOND CAUSE OF ACTION

### (State Law Claim - Malicious Prosecution)

60.    Plaintiff realleges and incorporates paragraphs 1 through 59 as though fully set forth herein.

**COMPLAINT**

61.     Defendants caused Mr. Sumpter to be improperly subjected to improper conclusory allegations for which there was no probable cause. These proceedings were instituted by Defendant Boggs and Defendant Lake Oswego Police Department and continued maliciously, resulting in injury, and all such proceedings were terminated in Mr. Sumpter's favor in a manner indicative of innocence when the District Attorney declined to prosecute on Defendant Boggs' report.

62.     The Defendant Officers identified above accused Mr. Sumpter of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

63.     Statements of the Defendant Officers regarding Mr. Sumpter's alleged culpability were made with knowledge that said statements were false and perjured.  In so doing, the Defendants fabricated evidence and withheld exculpatory information.

64.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

65.     As a result of this misconduct, Mr. Sumpter sustained, and continues to sustain, injuries including pain and suffering.

## THIRD CAUSE OF ACTION

### (State Law Claim - Civil Conspiracy)

66.     Plaintiff realleges and incorporates paragraphs 1 through 65 as though fully set forth herein.

67.     As described more fully in the preceding paragraphs, Defendants, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

68.     In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

69.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

COMPLAINT

70.     As a proximate result of Defendants' conspiracy, Mr. Sumpter suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## FOURTH CAUSE OF ACTION

### (State Law Claim - Intentional Infliction of Emotional Distress)

71.     Plaintiff realleges and incorporates paragraphs 1 through 70 as though fully set forth herein.

72.     The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous.  The Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Mr. Sumpter, as is more fully alleged above.

73.     Said actions and conduct did directly and proximately cause severe emotional distress to Mr. Sumpter, and thereby constituted intentional infliction of emotional distress.

74.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

75.     As a proximate result of Defendants' wrongful acts, Mr. Sumpter suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## FIFTH CAUSE

### (State Law Claim - Respondeat Superior)

76.     Plaintiff realleges and incorporates paragraphs 1 through 75 as though fully set forth herein.

77.     In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Lake Oswego Police Department acting at all relevant times within the scope of employment and under color of law.

78.     Defendant City of Lake Oswego is liable as principal for all torts committed by its agents.

/ / /

/ / /

COMPLAINT

## SIXTH CAUSE OF ACTION

### (State Law Claim – Indemnification)

79.    Plaintiff realleges and incorporates paragraphs 1 through 78 as though fully set forth herein.

80.    Oregon law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

81.    The Defendant Officers are or were employees of the Lake Oswego Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, Maria Washington as Guardian and Conservator to the Estate of Jezahri Sumpter, respectfully requests that this Court enter judgment in Mr. Sumpter's favor and against Defendants, CITY OF LAKE OSWEGO, DREW BOGGS, and DOES 1 to 25, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, Maria Washington as Guardian and Conservator for the Estate of Jezahri Sumpter, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

DATED this 27th day of June, 2022.

CRAWLEY LLP

Timothy I Crawley, OSB 122546
Of Attorneys for Maria Washington, Guardian
and Conservator for the Estate of Jezahri Sumpter

Page - 12

**COMPLAINT**