IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARIA WASHINGTON**, *in her capacity as Guardian and Conservator for* **THE ESTATE OF JEZAHRI SUMPTER,** *an incapacitated individual*,<br><br>      Plaintiff,<br><br>      v.<br><br>**CITY OF LAKE OSWEGO**, *Lake Oswego Police Officers* **DREW BOGGS**, *an individual and employee of Defendant City Lake Oswego*, and **DOES 1 through 25**,<br><br>      Defendants. | Case No. 3:22-cv-919-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Maria Washington (Plaintiff), as guardian and conservator for the estate of Jezahri Sumpter (Mr. Sumpter), sues the City of Lake Oswego (City) and Officer Drew Boggs (collectively, Defendants). Plaintiff asserts claims against Defendants for violations of due process and equal protection, conspiracy to deprive constitutional rights, denial of access to courts, and failure to intervene under 42 U.S.C. §§ 1983 and 1985; and claims under Oregon law for malicious prosecution; civil conspiracy; intentional infliction of emotional distress; negligence; respondeat superior; and indemnification. Defendants move for summary judgment on all claims. The Court grants summary judgment because the claims are time barred.

**STANDARDS**

A party is entitled to "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

PAGE 1 – ORDER

Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex*, 477 U.S. at 325)). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

The Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson*, 477 U.S. at 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

PAGE 2 – ORDER

**DISCUSSION**

On December 21, 2019, many Lake Oswego police officers were dispatched to respond to a vehicle versus pedestrian crash. Mr. Sumpter, the pedestrian, was unconscious and transported to Oregon Health and Science University for medical care, while officers interviewed Cassandra Thompson (Ms. Thompson), the driver of the involved vehicle. Officer Boggs was assigned as the primary crash reconstruction investigator and ultimately concluded that Mr. Sumpter was solely at fault for the collision. The parties dispute the quality of Officer Boggs' investigation and its results. Plaintiff contends that Officer Boggs engaged in a biased and improper investigation and relied on fabricated and false evidence in reaching his conclusions to improperly exonerate Ms. Thompson.

Defendants move for summary judgment on many grounds, including the statute of limitations. Because the Court decides this case based on the statute of limitations, the parties' factual disputes going to the merits of Plaintiff's claims are immaterial to the outcome of the pending motion.

**A. Plaintiff's State Law Claims**

For Plaintiff's state law claims, under the Oregon Tort Claims Act (OTCA), the "sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties" is an action under Oregon Revised Statutes (ORS) §§ 30.260-30.300. ORS § 30.265(2). Such actions must be commenced within two years of the alleged loss or injury. ORS § 30.275(9).

"A 'discovery rule' applies to actions brought under the OTCA, which means that the limitations period does not begin to run until a plaintiff has a reasonable opportunity to discover his injury and the identity of the party responsible for that injury." *Smith v. Or. Health Sci. Univ. Hosp. & Clinic*, 272 Or. App. 473, 478 (2015) (cleaned up). "[A]n injury is discovered when a

PAGE 3 – ORDER

plaintiff knows or should have known of the existence of three elements: (1) harm; (2) causation; and (3) tortious conduct." *Id.* at 479 (quotation marks omitted); *see also Gaston v. Parsons*, 318 Or. 247, 256 (1994). For a statute of limitations to begin to run, "the plaintiff does not need to know to certainty that each particular element exists. . . . Actual knowledge . . . is not required. On the other hand, a mere suspicion is insufficient to begin the statute of limitations to run." *Gaston*, 318 Or. at 255-56.

To determine "what facts a plaintiff knows or should have known, the discovery rule applies an objective standard—how a reasonable person of ordinary prudence would have acted in the same or a similar situation." *Padrick v. Lyons*, 277 Or. App. 455, 466 (2016) (cleaned up). Generally, the discovery rule presents a question of fact for the jury to decide, but "in some cases, the facts may be such that no triable issue exists as to when a plaintiff knew or should have known that the defendant caused the harm suffered, and, in those cases, the matter may be resolved as a matter of law." *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or. App. 607, 612 (1997); *see also Johnson v. Multnomah Cnty. Dep't of Cmty. Just.*, 344 Or. 111, 118 (2008).

The parties agree that the OTCA and its two-year statute of limitations apply. They dispute, however, when Plaintiff "discovered" Mr. Sumpter's claims and the limitation period began to accrue. Defendants argue that the statute of limitations began to run on or before June 4, 2020, when Plaintiff's counsel, with Plaintiff copied, sent a Tort Claim Notice letter to the City and the Lake Oswego Police Department. *See* ECF 34-2 at 1-2. Plaintiff's Tort Claim Notice letter stated Plaintiff's intention to bring tort claims against Defendants for:

> (1) failure to bring any action against [Ms.] Thompson based on a racially discriminatory motive, (2) their discriminatory actions in investigating the circumstances surrounding [Ms.] Thompson's negligence, and (3) their intentional manipulation of witnesses to protect the at-fault driver, Ms. Thompson, a young white woman, at the expense of the victim, Mr. Sumpter, a young black man.

PAGE 4 – ORDER

*Id.*

Plaintiff responds that she did not discover Mr. Sumpter's claims until September 2020, when he began to have an "observable stress response" to the words "police" or "law enforcement" or the presence of police. Plaintiff's argument is not well articulated, but it appears Plaintiff contends that this stress response alerted Plaintiff to the potential that the police had done something wrong. This contention, not fully articulated, is insufficient to raise a triable fact for the jury on the discovery rule in light of the June 2020 letter. The description of Plaintiff's intended claims in the June 2020 letter shows that Plaintiff knew that Mr. Sumpter had suffered an injury, knew the identity of the purported tortfeasors (the City and the Lake Oswego Police Department), and knew the purported tortious conduct that allegedly caused Mr. Sumpter's injury (the manipulation of witnesses and the discriminatory investigation). Although the letter did not list the exact causes of action contained in Plaintiff's complaint, Defendants' acts or omissions described in the letter form the underlying conduct for the causes of action in the complaint.

Plaintiff fails to raise a triable fact for the jury on when Plaintiff discovered Plaintiff's state law causes of action; no reasonable juror could find that Plaintiff was not on notice of Mr. Sumpter's state law claims as of June 4, 2020, the date of Plaintiff's tort claim notice letter. The limitations period thus accrued no later than the date this letter was sent, and ended on or before June 4, 2022, 23 days before Plaintiff filed her complaint. Plaintiff's state law claims therefore are barred by the statute of limitations.

**B. Plaintiff's Federal Law Claims**

For Plaintiff's federal law claims, the Court applies Oregon's two-year statute of limitations for personal injury claim set forth in ORS § 12.110. *See, e.g.*, *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("Section 1983 does not contain its

own statute of limitations. Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions. . . ." (quotation marks omitted)); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993) (same, for § 1985). The *accrual* for civil rights causes of actions, however, "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).

Accrual under federal law is similar to Oregon's discovery rule. Under federal law "[t]he general rule is that a civil rights claim accrues . . . when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (quotation marks omitted); *see also Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (stating that under federal law "a claim accrues . . . when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury" (quotation marks and citations omitted)). Thus, Plaintiff's claims under federal law are time barred for the same reasons her claims under state law are time barred.

## CONCLUSION

The Court GRANTS Defendants' motion for summary judgment, ECF 30.

**IT IS SO ORDERED**.

DATED this 30th day of August, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER